■ In the Matter of the Claim of BRUNO BASSO, Respondent, v. F. W. WOOLWORTH COMPANY et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision which denied to appellant Special Fund credit, against a 1963 award in a reopened case for which it is liable, of the sum of $753.60 representing the amount of an overpayment by the insurance carrier during the period of its liability; that sum being the total of payments made after claimant, without the carrier's knowledge, returned to work in 1952 and sustained no further loss of earnings until 1960, when the case was reopened. The board held "that the present awards are the liability of the Special Fund (Section 25a) and since the overpayment by the carrier was for a period prior to the two year retroactive period provided under Section 25a and prior to the date when Special Fund became liable, and since the carrier is not liable and is not charged with or called upon to pay any present award against which credit can be taken (Section 22), the Board is constrained to find that neither the carrier nor the Special Fund (Section 25a) is entitled to credit for the overpayment previously made." The carrier did not appeal. Claimant's contention before the board was that the carrier's remedy in respect of any overpayment was confined to the courts and that the board was without jurisdiction. "Explicit" as is the statute (Workmen's Compensation Law, § 25-a), "in detailing the Fund's liability, its rights and

the limitations on each" (*Matter of Schneider* v. *Bruckner Beverages*, 23 A D 2d 512, 513, mot. for lv. to app. den. 15 N Y 2d 485), we find in it nothing to support the Fund's contention here; and the Fund's reliance upon the provision contained in the last sentence of section 22 seems to us mistaken, if for no other reason than because there is involved here no "award decreasing the compensation rate". Finding no basis for appellant's contention, it is unnecessary to give consideration to the suggestion in respondent board's brief that section 33 bars the offset which the Special Fund demands or to the additional argument predicated on the rationale of *Matter of Ramberg* v. *Dorn* (12 A D 2d 562, mot. for lv. to app. den. 9 N Y 2d 609) which the board would have us apply to section 22. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, Reynolds, Taylor and Hamm, JJ., concur.